**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

MR. AMANALLAH ESMAILZADEH,

Plaintiff,

v.

THE U.S.,I.N.S. IN STATE OF MINNESOTA; and THE U.S.,I.N.S. IN STATE OF NEW YORK; and THE U.S., B.I.A.,

Defendants.

Civil No. 00-17 (PAM/JGL)

**REPORT AND RECOMMENDATION**

INTRODUCTION

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d),

FILED JAN 0 7 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Even with the benefit of the liberal construction that is required in pro se cases (Atkinson 91 F.3d at 1129, citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)), Plaintiff's complaint in this case is nearly incomprehensible. As far as the Court can tell, Plaintiff is a citizen of Iran who spent some time in this country during the 1980s. While here, he apparently was convicted of one or more criminal offenses, and as a result, he was deported back to Iran several years ago. In his present complaint, it appears that Plaintiff is asking this Court to grant him U.S. citizenship, issue a U.S. passport to him, and provide him with an airplane ticket so he can fly back to the United States.

Plaintiff's complaint seems to be predicated on a belief that U.S. district courts have some freestanding authority to confer citizenship on foreign nationals. That, however, is simply not so. As the U.S. Supreme Court explained in I.N.S. v. Pangilinan, 486 U.S. 875, 883-84 (1998),

> "the power to make someone a citizen of the United States has not been conferred upon the federal courts, like mandamus or injunction, as one of the generally applicable equitable powers.... Rather, it has been given them as a specific function to be performed in strict compliance with the terms of an authorizing statute which says that '[a] person may be naturalized... in the manner and under the conditions prescribed in this subchapter, and not

---

which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as Plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

> otherwise.' § 8 U.S.C. 1421(d).... 'An alien who seeks political rights as a member of this Nation can rightfully obtain them only upon terms and conditions specified by Congress. Courts are without authority to sanction changes or modifications; their duty is rigidly to enforce the legislative will in respect of a matter so vital to the public welfare.' United States v. Ginsberg, 243 U.S. 472, 474... (1917). [¶] Or as we have more recently said: 'Once it has been determined that a person does not qualify for citizenship,... the district court has no discretion to ignore the defect and grant citizenship.' Fedorenko v. United States, 449 U.S. 490, 517... (1981) (citation omitted)."

Plaintiff's complaint does not set forth any factual or legal grounds for granting him U.S. citizenship. He has not identified any federal law entitling him to citizenship, and he has not pleaded any facts from which the Court might independently infer that citizenship could be available to him. Furthermore, while the Immigration and Naturalization Service, (INS), is named as a Defendant in this case, Plaintiff has not cited, (or even alluded to), any specific INS action or decision that he might be attempting to challenge.

Thus, the Court concludes that Plaintiff's complaint fails to state any discernible cause of action on which relief can be granted. It is therefore recommended that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. The action be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: January 7, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by Jan. 26, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

For Immediate Release
January 3, 2000

# PRESS RELEASE

UNITED STATES DISTRICT COURT

Contact: Francis E. Dosal, Clerk
(651) 848-1100

## FEDERAL COURT ADOPTS AMENDMENTS TO LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the adoption of several amendments to its local rules of practice. The changes were recommended by the Court's Local Rules Committee chaired by Minneapolis Attorney Cliff Greene of the law firm Greene Espel.

As required by federal statute, the proposed revisions were posted for public review and comment in late 1999. Following consideration of the comments received, the proposed rules were adopted unanimously by the Court to be effective January 3, 2000. The proposed amendments are as follows:

- **LR 5.1**
  Amendments to LR 5.1 and LR 5.2 regarding filing procedures.

- **LR 7.1(b)(2)**
  A new advisory committee's note regarding evidentiary materials submitted with reply briefs.

- **LR 16.1**
  Amendments in response to the requirements of the Alternative Dispute Resolution Act of 1998.

- **LR 83.13**
  New rule regarding the discipline of court appointees.

The amendments to the Local Rules may be obtained in the Office of the Clerk of Court in either St. Paul, Minneapolis or Duluth; by contacting the Clerk of Court at the address below; or online through the Update Service of Westlaw.

Francis E. Dosal, Clerk
U.S. District Court
708 Federal Building
316 North Robert Street
St. Paul, MN 55101
651-848-1100